CINCINNATI SOUTHERN R. Co. *v.* W. H. DAUGHERTY.

**Damages and Negligence.**

In a suit for damages against a railroad company for killing an animal, there can be no recovery if it be shown that the employes operating the train exercised ordinary vigilance to prevent the injury. They were not required to stop the train to prevent the injury if to do so would have endangered the lives of passengers.

**Disturbing the Jury's Verdict.**

This court will not disturb the verdict of a jury where there is some evidence to sustain it, even though the court may think the weight of the evidence the other way.

APPEAL FROM GRANT CIRCUIT COURT.

January 8, 1880.

OPINION BY JUDGE PRYOR:

It was with the jury to determine the question of negligence, and the proof on the part of the plaintiff conducing to show a want of ordinary diligence, this court will not disturb the verdict, although the weight of the testimony is with the defendant. Nor do we see any objection to the instructions given by the court, or any error to the prejudice of the appellant in refusing the instructions asked. The statement in the instruction to the effect that the horse was in peril did not affect the question of negligence. That the animal was in danger is evidenced by the fact of its being killed by the train of the appellant, and whether this could have been prevented by the exercise of ordinary diligence was the only question for the jury to determine. If the employes on the train could have prevented the accident it was their duty to have done so, and the exercise of ordinary vigilance was all that was required of them by the instruction given.

Instruction No. 4 proceeded to tell the jury, in substance, that the safety of those on board the train was to be first considered, and the effort to prevent the killing of the animal by stopping the train was not required if it endangered the lives of the passengers. The instructions asked by the defendant and refused were, in substance, the same as those already given, except one or two containing mere abstract propositions of law, and were on that account properly refused. It was not proper that the court should attempt to define the duty of the engineer further than to say that it was his duty to avoid the destruction of the appellee's property if by ordinary care he could have prevented it.

We see no reason for disturbing the judgment below either upon the original or cross appeal. The jury could not have been misled by any of the instructions given. It was a plain issue of fact presented by the pleadings and the instructions, and while the evidence of negligence is not of the most convincing character, this court cannot undertake to say that the verdict is without proof to sustain it.

The judgment below is *affirmed* on the original and cross appeal.

*J. M. Collins, for appellant. A. G. De Jeanette, for appellee.*